CHRISTIANSEN, Judge
(concurring):
¶ 46 A parent’s right to the care and custody of her child is among the oldest of the judicially recognized fundamental liberty interests protected by the due process clauses *27 of both the United States and Utah constitutions. Troxel v. Granville, 530 U.S. 57, 65, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000); Stanley v. Illinois, 405 U.S. 645, 651, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972); D.A. v. D.H., 2014 UT App 138, ¶ 11 n.2, 329 P.3d 828. But parental rights, although fundamental and constitutionally protected, are not absolute, and the State has a moral and statutory obligation to step in and protect children when those children are suffering from neglect or abuse. Here, given the ample evidence of Mother’s continuing substance abuse issues and lack of basic parenting skills, I agree with the majority that the juvenile court correctly determined that Mothér was an unfit parent pursuant to Utah Code section 78A-6-507(l)(c)-(d) and section 78A-6-508(2)(c), and that the court properly terminated her parental rights. I therefore concur in the majority opinion.
¶ 47 However, I write separately to highlight Mother’s concern that current law fails to account for the myriad psychological, social, and -economic constraints that undermine abused women’s efforts to leave their abusers and protect their children from exposure to domestic violence. I remain concerned that a victim of domestic violence who is trapped in a pattern of abuse may not be offered resources adequate to truly break that cycle. See In re S.B., 2003 UT App 303U, paras. 9, 14, 2003 WL 22097658 (affirming the termination of the mother’s parental rights where she had a history of associating with abusive men “to prevent any further abuse [of her children] from the men that [she] chose to bring into the home”); In re J.B., 2001 UT App 33U, para. 2, 2001 WL 311172 (per curiam) (affirming the termination of the parents’ parental rights “based upon a history of violent behavior by and between the parents” and observing that the mother “was unfit because she had failed to protect [the child] from the effects of domestic violence”); In re C.B., 1999 UT App 293, ¶¶ 8-12, 989 P.2d 76 (affirming the juvenile court’s conclusion that the child was neglected because the mother had “voluntarily” returned to an abusive relationship with the child’s father).
¶48 Our law should reflect reality. The unfortunate reality is that the choices and options available to victims of domestic violence to enable them to escape the abusive relationships are limited, and may even be non-existent. I do not question that the best interest of the child must be paramount. But I also believe that the best interest of many children would be served by a, system that provides sufficient support to help women break the cycle of abuse, rather than blaming those women for the abuse they have suffered.